UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON STEIN,

    Plaintiff,                                 Civil Action No. 17-CV-13241

vs.                                            HON. BERNARD A. FRIEDMAN

CORIZON HEALTH, INC., et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on defendants the Michigan Department of Corrections ("MDOC"), Warden Anthony Stewart, and Nurse Lori Tatum's motion to dismiss [docket entry 17]. The motion is fully briefed. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide it without a hearing.

**FACTS**

Decedent John Stein was incarcerated in the G. Robert Cotton Correctional Facility in Jackson, Michigan through September 5, 2017. Compl. ¶ 19. While Stein was being discharged, he "began complaining of chest pain and difficulty breathing." *Id.* ¶ 20. He was taken to the medical unit, where defendants Tatum and Stokley-Hamdan examined him. *Id.* Although Tatum and Stokley-Hamdan "were acutely aware of Stein's condition and that he needed emergency medical attention," they did not get a doctor or send him to a hospital for evaluation. *Id.* ¶¶ 20–21. Rather, they sent him back to his cell, where "he collapsed and died." *Id.* ¶ 21.

In October 2017, plaintiff—Stein's mother—filed the initial complaint and then amended it a few weeks later. The first amended complaint asserts three counts: Count I, an Eighth

Amendment claim under 42 U.S.C. § 1983; Count II, a municipal-liability claim under § 1983; and Count III, a gross-negligence claim under the Government Tort Liability Act ("GTLA"), Mich. Comp. Laws §§ 691.1401, *et seq.* In December, defendants the MDOC, Stewart, and Tatum filed the instant motion to dismiss.

## STANDARD

Fed. R. Civ. P. 12 (b)(6) states that the Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." The Supreme Court has held that for a complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* And while Rule 12(b)(6) does not require "[d]etailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.  Count III—Gross Negligence

Plaintiff alleges that defendants were grossly negligent in "violat[ion of] MCLA 691.1407." Compl. ¶ 56. Defendants argue that under Michigan law, gross negligence is not an independent cause of action.

Defendants are correct. Michigan's GTLA does not create a "gross negligence" cause of action. Rather, it states that a governmental employee is qualifiedly immune from civil liability unless a plaintiff can sufficiently show that the employee was grossly negligent. *See* §

691.1407. The Michigan Court of Appeals[1], previous opinions issued by this Court[2], and the United States District Court for the Western District of Michigan[3] agree. Count III is dismissed.

## II. Count II—Municipal and Supervisory Liability

A municipality can be liable under § 1983 only for (1) an officially adopted or promulgated policy, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); (2) a custom or practice that is not formally adopted but is pervasive and long-standing, *id.*; (3) a failure to train, supervise, discipline, or adequately screen, *City of Canton v. Harris*, 489 U.S. 378, 387 (1989); or (4) a particular decision or act made by a final policymaker, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

Here, plaintiff asserts that the MDOC is liable under (1), (2), and (3). However, the complaint is devoid of any facts showing such liability. First, regarding (1) and (2), plaintiff alleges nothing about the MDOC's customs and policies, only Corizon's.[4] Plaintiff appears to believe that because Corizon contracted with the MDOC, all of its customs and policies may be imputed to the MDOC. She cites no authority to support this proposition. Thus, plaintiff's allegations regarding Corizon are simply not relevant to this motion. Further, her scant references to the *MDOC's* customs and policies are wholly conclusory and precisely the kind of formulaic

---

[1] *See, e.g.*, *Cummins v. Robinson Twp.*, 770 N.W.2d 421, 433 (Mich. Ct. App. 2009) ("The governmental immunity statute does not itself create a cause of action called 'gross negligence.'").
[2] *See, e.g.*, *Johnson v. Williams*, No. 15-13856, 2017 WL 4236548, at *16 (E.D. Mich. Sept. 25, 2017) ("However, Defendant correctly asserts that gross negligence claims no longer are independent causes of action under Michigan law, since the Courts have repudiated contributory negligence principles and adopted comparative negligence. Rather, gross negligence exists as a way to plead around state imposed qualified immunity, as explained above, and to establish caps on damages. Thus, while gross negligence is an important substantive concept under Michigan law, there is no independent cause of action for gross negligence." (citations omitted)).
[3] *See, e.g.*, *Jones v. Corr. Med. Servs., Inc.*, 845 F. Supp. 2d 824, 846 (W.D. Mich. 2012) ("Michigan law does not, as Plaintiff implies, allow a claim sounding in medical malpractice to be brought as a 'gross negligence' claim under the [GLTA], Mich. Comp. Laws § 691.1407. Instead, the courts appear to recognize that both governmental immunity and the malpractice requirements can apply to a plaintiff's claim.") (citing *Costa v. Cmty. Emergency Med. Servs., Inc.,* 716 N.W.2d 236 (Mich. Ct. App. 2006)).
[4] Her own briefing concedes this. For example, in her response brief, the only evidence she points to in support of her *Monell* claim against the MDOC is that "Corizon had a custom, policy, or practice of not allowing inmates to see a treating physician, even when they are experiencing medical emergencies." Pl.'s Resp. p. 14.

recitation that *Twombly* said will not do. Finally, plaintiff does not dispute defendants' argument that the MDOC's official policies promote effective medical treatment. Based on plaintiff's allegations, the Court cannot reasonably infer that the MDOC's customs or policies led to Stein's death.

Second, regarding (3), the complaint is devoid of any fact from which the Court could reasonably infer liability. The Court cannot reasonably infer a failure to train or supervise based on a single incident, even if the offending officer was unsatisfactorily trained or supervised. *See Harris*, 489 U.S. at 378, and *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). As plaintiff fails to allege any other incident involving the MDOC medical staff or Tatum, the Court cannot reasonably infer that Stein's death resulted from the MDOC's failure to train.

Plaintiff also asserts that Stewart is liable under the theory of supervisory liability. In § 1983 cases, supervisory liability

> must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Here, plaintiff fails to allege facts showing that Stewart encouraged, authorized, or acquiesced to the alleged deliberate indifference. In her view, his liability flows solely from his position as Warden. But *Turner* squarely rejected that theory. As plaintiff's allegations regarding Stewart are wholly conclusory, the Court cannot reasonably infer supervisory liability. Consequently, Count II is dismissed.

### III. Count I—Eight Amendment Deliberate Indifference

The Sixth Circuit articulated the standard for Eighth Amendment deliberate indifference claims:

> [The Eighth Amendment] "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). . . . In *Wilson v. Seiter*, the Supreme Court set forth a two-step framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991). That framework consists of an objective and a subjective component. *Blackmore*, 390 F.3d at 895. . . .
>
> First, Plaintiff must plead facts which, if true, establish the existence of a "sufficiently serious" medical need. *Id.*

*Reilly v. Vadlamudi*, 680 F.3d 617, 623–24 (6th Cir. 2012) (some citations edited and omitted).

Here, plaintiff satisfies the test's objective component. She pleads that Stein experienced "life-threatening" shortness of breath and chest pain. Compl. ¶¶ 20–21. These symptoms were serious enough that Stein was transported to the medical unit. *Id.* ¶ 20. Based on these allegations, the Court can reasonably infer a serious medical need.

> Second, Plaintiff must establish the subjective element: he must demonstrate Defendants acted with "a sufficiently culpable state of mind in denying medical care." *Blackmore*, 390 F.3d at 895. Only "deliberate indifference" to serious medical needs will implicate the protections of the Eighth Amendment. Deliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). For liability to attach, Defendants must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *Farmer*, 511 U.S. at 837. Indeed, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Blackmore*, 390 F.3d at 896.

> In the medical context, the Supreme Court emphasized that . . . [t]o state a cognizable claim, Plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs"—indifference that offends the "evolving standards of decency" under the Eighth Amendment.

*Vadlamudi*, 680 F.3d at 624 (citation edited).

Here, plaintiff satisfies the test's subjective component. She alleges that Tatum was "acutely aware" both of Stein's health "condition and that he needed emergency medical attention," but refused to call a doctor or send "him to a hospital for further evaluation." Compl. ¶¶ 20–21. That is, Tatum allegedly knew perfectly well that Stein was having a heart attack but ignored it. These allegations, taken as true, show the awareness, obduracy, and wantonness—i.e., the deliberate indifference—required by *Vadlamudi*. This alleged callousness undoubtedly "offends the 'evolving standards of decency' under the Eighth Amendment." *Vadlamudi*, 680 F.3d at 624.

Regarding defendants' qualified-immunity argument, Tatum is not qualifiedly immune because a reasonable jury accepting plaintiff's allegations as true could find that Tatum reasonably understood that her actions violated Stein's Eighth Amendment rights. And when the "legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability." *McKenna v. Edgell*, 617 F.3d 432, 437 (6th Cir. 2010). Consequently, Tatum is not qualifiedly immune.

In sum, based on plaintiff's allegations, the Court could reasonably find that Tatum is liable on Count I. Consequently, defendants' motion to dismiss plaintiff's Eighth Amendment claim against Tatum is denied.

Further, plaintiff's Eighth Amendment claim against Stewart is dismissed because she fails to plead any facts about him apart from supervisory liability. She does not allege that he

was personally involved in Stein's death, merely that he supervised the prison. Finally, defendants argue that the Eleventh Amendment bars plaintiff's Eighth Amendment claim against the MDOC. Plaintiff seemingly agrees, *see* Pl.'s Resp. p. 10, as does the Court. Therefore, plaintiff's Eighth Amendment claims against the MDOC and Stewart are dismissed.

### IV. Conclusion

For the reasons stated above, Counts II and III are entirely dismissed; Count I is dismissed only as to the MDOC and Stewart.

SO ORDERED.

Dated: March 22, 2018  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 22, 2018.

s/Johnetta M. Curry-Williams  
Case Manager